

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

August 10, 1999

The Honorable David M. Motley
Kerr County Attorney
County Courthouse, Suite BA-103
700 Main Street
Kerrville, Texas 78028

Opinion No. JC-0088

Re:   Assessment of filing fees for medication petition hearings held pursuant to section 574.106 of the Health and Safety Code   (RQ–0019)

Dear Mr. Motley:

You have asked this office to interpret section 574.106 of the Texas Health and Safety Code, which mandates a hearing before the involuntary administration of psychoactive medication to a mental patient. We consider the question of whether a medication hearing under section 574.106 is a separate and distinct action, or is merely derivative of the original commitment action for the patient. In our view, the medication hearing, which is not ancillary to all commitment actions, which involves the abrogation of a different substantive right as well as involving different issues and evidence, and which is triggered by an application separate from the application for court-ordered mental health services, is a distinct action. As such, the assignment to it of a separate cause number, as well as the attendant filing fees, do not, as Bexar County argues, impermissibly assess an additional fee in an original action.

As we understand the background to your question, Kerr County and Bexar County both contain state mental hospitals. Some residents of each county have been involuntarily committed to the hospital located in the other county; such commitments, pursuant to subchapter C of chapter 574 of the Health and Safety Code, require a hearing to determine whether the proposed patient is mentally ill, and as a result is likely to cause serious harm to himself or others, or is suffering severe distress, is experiencing deterioration of his ability to function, and is unable to make a rational and informed decision as to whether to submit to treatment. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 574.034, .035 (Vernon Supp. 1999). By interlocal agreement Bexar and Kerr Counties have contracted to hold these hearings for each other in the case of patients resident in one county who are committed to a hospital in the other.

Besides commitment hearings, the Health and Safety Code also mandates hearings before psychoactive medications may be administered to an involuntarily-committed patient who refuses them, unless the patient is "having a medication-related emergency." *Id.* § 574.103. Such hearings are to be conducted on the record by the probate judge or judge with probate jurisdiction, *id.* § 574.106(c), or by a magistrate or court-appointed master with training regarding psychoactive medications, *id.* § 574.106(d). A record is not required if the hearing is before a magistrate or

master. *Id.* However, a party may appeal a magistrate or master's report within three days of its issuance, and in that case is entitled to a hearing de novo by the judge. *Id.* § 574.106(e).

For the court to authorize the involuntary administration of psychoactive medication to a patient, it must find that he has been committed pursuant to section 574.034 or 574.035 and lacks the capacity to make a decision concerning the administration of the medication and that treatment with the medication is in his best interest. *Id.* § 574.106(a). The court is to consider the patient's preference with respect to the medication, his religious beliefs, the risks and benefits of the treatment, the consequence of not administering the medication, the prognosis for the patient if it is administered, and alternatives to treatment with the medication. *Id.* § 574.106(b).

As we understand it, Bexar County has taken the view that medication hearings "are derivative of the original commitment" and are consequently not original actions. Letter from Magdalena L. DeSalme, Assistant Criminal District Attorney, Bexar County, to Honorable John Cornyn, Attorney General (Feb. 23, 1999) (on file with Opinion Committee). Accordingly, in its view a separate filing fee for the medication hearing is unwarranted.

Bexar County's argument relies upon Attorney General Opinion DM-174, in which this office held that a county clerk could not charge a filing fee for a release of judgment executed pursuant to section 31.008 of the Civil Practice and Remedies Code, because "[t]he procedure authorized by section 31.008 . . . is not an original or separate cause of action, but is merely derivative of the original action . . . ." Tex. Att'y Gen. Op. No. DM-174 (1992) at 2. In our view, however, reliance upon Attorney General Opinion DM-174 is inapposite here.

Attorney General Opinion DM-174 concerned section 31.008 of the Civil Practice and Remedies Code, which permits a judgment debtor who does not know the location of the judgment creditor to pay the amount of the judgment to the clerk of the court, which amount is held in trust for the judgment creditor. The judgment debtor thereupon prepares a recordable release of the judgment, which is executed by the clerk of the court and issued to the debtor. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.008 (Vernon 1997). Attorney General Opinion DM-174 took the view that *the county clerk could not charge a filing fee in connection with the execution of the release, because the procedure was not an original or separate cause of action. See* Tex. Att'y Gen. Op. No. DM-174 (1992) at 2.

A hearing on the issue of whether an involuntarily-committed patient may be medicated against his will is different in kind from the release of a judgment debt in a case already adjudicated. The execution of the release requires no determination of rights or consideration of evidence; it merely provides a method for the judgment debtor to satisfy an already-existing judgment. In that sense, it is clearly "derivative of the original action on the underlying debt." *See id.*

While a medication hearing only occurs when a patient has been involuntarily committed, *see* TEX. HEALTH & SAFETY CODE ANN. § 574.106(a) (Vernon Supp. 1999), it requires the adjudication of a separate legal right, namely the right not to be subjected to medication against

one's will. Under section 574.106, that right may only be abrogated after the proceeding in question has been held and the statutory factors have generally been considered. *See, e.g., In re R.S.C.*, 921 S.W.2d 506, 514 (Tex. App.–Fort Worth 1996, no writ).

Further, the statute explicitly provides that the application pursuant to which the hearing occurs is "separate from an application for court-ordered mental health services." TEX. HEALTH & SAFETY CODE ANN. § 574.104(c) (Vernon Supp. 1999). An involuntary medication application is filed by a physician treating a patient on behalf of the state. *See id.* § 574.104(a). The physician may file the application "in a probate court or a court with probate jurisdiction." *Id.* The statute does not specify in which county the application should be filed. It may be filed in the county of the original involuntary commitment hearing, and it may not. We do not believe such a proceeding, brought pursuant to a separate application and concerning a distinct substantive right, can be analogized to the essentially ministerial execution of the release contemplated by section 31.008 of the Civil Practice and Remedies Code.

Accordingly, we conclude that, because medication hearings pursuant to section 574.106 of the Health and Safety Code adjudicate different rights than and consider different issues and evidence than commitment hearings pursuant to section 574.034 or 574.035 of the same code, and require a separate application to the court, the assignment to such hearings of separate cause numbers and the filing fees attendant thereon do not impermissibly charge more than one fee for a single action.

## S U M M A R Y

Because medication hearings pursuant to section 574.106 of the Health and Safety Code adjudicate different rights than and consider different issues and evidence than commitment hearings pursuant to section 574.034 or 574.035 of the same code, and require a separate application to the court, the assignment to such hearings of separate cause numbers and the filing fees attendant thereon do not impermissibly impose fees in an original action.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee